**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-10356
Summary Calendar
_____

MIGUEL MEDELLIN,

Plaintiff-Appellant,

VERSUS

ROBERT SHAW; JUDI SHEERIN STONEDALE, Dr.;
JOHN DOE, Safety Inspector,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95 CV 13 P)
_____

July 28, 1995

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant Medellin, an inmate of the Texas State Prison system, brought this civil rights suit against officials of the place of his incarceration alleging deliberate indifference to his serious medical needs and to his safety. Upon the recommendation of the magistrate judge the district court dismissed the pro se complaint as frivolous. We affirm.

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Appellant's complaints concerning the medical treatment he received after he was injured in a slip and fall accident leaving the shower allege no more than negligence which is not actionable under § 1983. He has asserted no state tort cause of action.

As to his safety, Appellant alleges that he fell due to a slippery condition on the shower floor and that this condition was known to some unnamed safety inspector because some unstated number of unnamed inmates had fallen in the same spot and been injured. These allegations do not state a claim of deliberate indifference. A prison official acts with deliberate indifference under the Eighth Amendment "only if he knows that [an] inmate[] face[s] a substantial risk of serious harm and [ he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994). Appellant's allegations lack the particularity necessary to plead deliberate indifference.

AFFIRMED.